UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LESLIE CARRERO, an individual,
on behalf of herself and all others
similarly situated,

Plaintiff,

v.

**COMPLAINT - CLASS ACTION**

LVNV FUNDING, LLC,
a foreign limited liability company,
JORGE L. PALMA, individually,
and JOHN DOES 1-50,

Defendants.
___________________________________/

**CLASS ACTION COMPLAINT SEEKING INJUNCTIVE, DECLARATORY AND EQUITABLE RELIEF AS WELL AS STATUTORY DAMAGES AND DISGORGEMENT OF FUNDS**
**JURY DEMAND**

1. On behalf of the putative class, Plaintiff, LESLIE CARRERO, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer collection Practices Act, Fla. Stat. 559.55 *et seq*. ("FCCPA"). Simply put, Defendant, LVNV FUNDING, LLC, has filed thousands of consumer debt collection lawsuits against Florida consumers without first obtaining a license to collect consumer debts in the State of Florida as mandated by § 559.553 of the Florida Consumer Collection Practices Act ("FCCPA"). Defendants JORGE L. PALMA and JOHN DOES 1-50 have

unlawfully assisted and unjustly profited from LVNV FUNDING, LLC's illegal debt collection activities.

On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

Plaintiff maintains that Defendants' actions are quite simply unconscionable. *See* Fla. Stat. § 559.785 stating that it is a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering." As such, Plaintiff, on behalf of the putative (sub)class, seeks statutory damages under the FDCPA, as well as statutory damages, injunctive and equitable relief under the FCCPA. Ultimately, Plaintiff seeks a judgment ordering Defendants to disgorge their ill-gotten monies and enter an award for the total amount of dollars collected from the putative (sub)class members over the last four years.

**<u>JURISDICTION AND VENUE</u>**

2. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District. With respect to Count III, this Court also has jurisdiction over LVNV FUNDING under 28 U.S.C. § 1332(d). The total amount in controversy for Count III exceeds $5 million dollars exclusive of interest and costs.

## PARTIES

3. Plaintiff, LESLIE CARRERO (MS. CARRERO), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, LVNV FUNDING LLC ("LVNV FUNDING"), is a foreign limited liability company registered in the State of Nevada and principally does business from offices headquartered at 15 South Main Street, Suite 700, Greenville, South Carolina 29601. Upon information and belief, Defendant, and all of its members and managers, are citizens of either Nevada or South Carolina.

5. Defendant, JORGE L. PALMA, is a Florida licensed attorney and citizen of the State of Florida who conducts businesses from offices located at 701 SW 27th Ave., Suite 900, Miami, Florida 33135. JORGE L. PALMA signed the complaint at issue, which was subsequently served upon MS. CARRERO.

6. Defendants, JOHN DOES 1-50, are those unknown debt collectors who have facilitated and profited from LVNV FUNDING's unlawful debt

collection activities against Florida consumers as described further herein, and include, but are not limited to, LVNV FUNDING's debt collectors, debt collector attorneys, debt collector law firms, and debt collector officers and directors of LVNV FUNDING (or any parent or subsidiary company of LVNV FUNDING).

7. Defendant LVNV FUNDING engaged in debt collection activities in the State of Florida without being registered as a "Consumer Collection Agency" as required by Florida law.

8. Defendant LVNV FUNDING purchases defaulted upon consumer credit card debts and files suit upon said debts in various Florida County Courts to collect said debts.

9. All Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

10. That consumers responding to the lawsuits filed by LVNV FUNDING are directed to contact LVNV FUNDING or its debt collector attorneys and often do so by mail and/or telephone.

11. At all times material to the allegations of this complaint, all Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

12. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

13. Defendants sought to collect an alleged debt from Plaintiff arising from Plaintiff's use of a "CITIBANK SEARS PREMIER MASTERCARD" brand credit card used by Plaintiff for personal, family or household purposes, including but not limited to, the purchase of such things as clothes, groceries, personal gifts, and travel-related expenses.

14. That both "SEARS" and "CITIBANK", solicit their credit-related products to Florida consumers, often through their respective brick and mortar stores, which are located throughout the State of Florida.

15. On or about June 27, 2011[1], LVNV FUNDING and JORGE L. PALMA filed a lawsuit against Plaintiff in Broward County Court; the alleged debt at issue, according to the state court lawsuit, was less than $15,000.00 dollars exclusive of interest, costs, and attorney's fees.

16. That Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

17. That based upon an online license search conducted on November 13, 2011 at the website maintained by the Florida Office of Financial Regulation, Defendant LVNV FUNDING was not licensed to collect consumer debts in the State of Florida until October 28, 2011. See Exhibit "A" attached hereto. Plaintiff is unaware of the current validity of said license.

18. That Plaintiff maintains that the filing of a lawsuit as well as Defendant LVNV FUNDING's previous and subsequent collection activities were unlawful; Plaintiff has filed the instant lawsuit alleging that any and all of LVNV FUNDING's debt collection activities taken against her over the past year were in direct violation of the FDCPA.

---

[1] Notably, the state court lawsuit was filed more than a year after the Eleventh Circuit's decision in *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

19. Defendants LVNV FUNDING, JORGE L. PALMA, and Defendants JOHN DOES 1-50 knew or should have known that LVNV FUNDING was not licensed as a Consumer Collection Agency.

20. Upon information and belief, Plaintiff contends that LVNV FUNDING has filed hundreds, if not thousands, of similar suits across the State of Florida without first obtaining the aforementioned license.

21. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

22. The state court action filed by LVNV FUNDING against MS. CARRERO was void *ab initio* as Florida Courts do not lend their aid to the enforcement of an action that is in fact barred by a Florida regulatory measure. *See e.g., Vista Designs, Inc. v. Silverman*, 774 So.2d 884 (Fla. 4th DCA 2001) (ordering unlicensed attorney to disgorge funds); *Wechsler v. Novak*, 26 So. 2d 884 (1946) (the general right to contract is subject to the limitation that that agreement must not violate federal or state constitutions or state statutes or ordinances of a city or town or some rule of the common law).

23. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA

would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

**CLASS ACTION ALLEGATIONS**

24. This action is brought on behalf of a class consisting of (i) all Florida citizens (ii) whom were the subject of collection activity from LVNV FUNDING, JORGE L. PALMA, or JOHN DOES 1-50 (iii) in an attempt to collect a consumer debt owed to LVNV FUNDING on a CITIBANK SEARS PREMIER MASTERCARD account used for personal, family, or household purposes (iv) which were sued in a Florida Court (v) during the one year period prior to the filing of the original complaint in this action through the date of certification for those acts which are in violation of the FDCPA and (vi) during the two year period prior to the filing of the original complaint in this action through the date of certification for those acts which are in violation of the FCCPA.

25. The instant action is also brought on behalf of a subclass which is defined as (i) all Florida citizens (ii) who paid money to LVNV FUNDING, JORGE L. PALMA, or JOHN DOES 1-50 (iii) in regard to an alleged debt to LVNV FUNDING for a CITIBANK SEARS PREMIER MASTERCARD account (iv) during the four year period prior to the filing of the original complaint in this action through the date of certification for those acts which are covered under Count III.

26. Plaintiff alleges on information and belief based upon LVNV FUNDING's hundreds of filings of virtually identical lawsuits over the last year that the class is so numerous that joinder of all members of the class is impractical.

27. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member was subject to collection activity on behalf of LVNV FUNDING. The principal legal issues are whether Defendants' engaged in debt collection without the requisite license / registration in violation of both the FDCPA and FCCPA.

28. Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

29. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

30. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. MS. CARRERO requests certification of a hybrid class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages and pursuant to Rule 23(b)(2) for injunctive relief and equitable relief.

**COUNT I**
**FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION OF § 1692e OF THE FDCPA**

32. On behalf of the putative class, Plaintiff incorporates Paragraphs 1 through 31.

33. Defendant LVNV FUNDING's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated various provisions of the Fair Debt Collection Practices Act, including the following: 15 U.S.C § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10). *See generally*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take."). Defendants are directly liable for violating the aforementioned sections of the FDCPA as well as for

aiding, abetting, facilitating and profiting from LVNV FUNDING's illegal debt collection activities.

34. WHEREFORE, Plaintiff, on behalf of the putative class, requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

a. Statutory damages;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

**COUNT II**
**STATUTORY DAMAGES, DECLARATORY RELIEF AND PERMANENT INJUNCTION UNDER THE FCCPA**

35. On behalf of the putative class, Plaintiff incorporates Paragraphs 1 through 31.

36. Pursuant to 28 U.S.C §§ 2201 and 2202 and the FCCPA, Plaintiff, on behalf of the putative class, seeks a declaration that Defendants' practices are in violation of the FCCPA and FDCPA; specifically, Plaintiff alleges that Defendants have violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening "to enforce a debt when such person knows that the debt is not legitimate or assert the

existence of some other legal right when such person knows that the right does not exist."

37. Plaintiff seeks a permanent injunction prohibiting Defendants from communicating directly with Plaintiff and the putative class members regarding the alleged debt.

38. The FCCPA provides for equitable relief, including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345 (S.D. Fla. 2008).

39. Plaintiff seeks both injunctive relief and equitable relief in accordance with her rights under both state and federal law on behalf of the putative class.

40. Plaintiff further seeks statutory damages under the FCCPA on behalf of the putative class.

41. WHEREFORE, Plaintiff, on behalf of the putative class, requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

a. A Declaration that all Defendants have violated the FDCPA and FCCPA and that the subject debts sought by Defendants is legally unenforceable and void as a matter of law;

b. Permanently enjoining Defendants and any other parties from collecting the subject debts;

c. Statutory damages;

d. Attorney's fees, litigation expenses and costs of suit; and

e. Such other or further relief as the Court deems proper.

**COUNT III**
**UNJUST ENRICHMENT**

42. Plaintiff incorporates Paragraphs 1 through 31.

43. A member of the putative subclass has conferred a benefit on the Defendants; more specifically a payment towards a debt allegedly owned by LVNV FUNDING.

44. Defendants have knowledge of the benefit (i.e. the money paid by each respective consumer towards the alleged LVNV FUNDING debt).

45. Defendants have accepted or retained the benefits conferred (i.e. the above-referenced payment).

46. The circumstances are such that it would be inequitable for Defendants to retain the benefit without paying fair value for it.

47. WHEREFORE, Plaintiff, on behalf of the putative subclass, requests that the Court enter judgment in favor of Plaintiff and the subclass and against Defendants for:

a. Actual damages; for the total dollars unlawfully collected by Defendants from the members of the putative class over the last four years (plus interest);

b. An order instructing Defendants to disgorge their ill-gotten monies from the putative subclass;

c. Litigation expenses and costs of the instant suit; and

d. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 14th day of November, 2011.

Respectfully submitted,

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009

Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

By: /s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651