UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:11-cv-62439

LESLIE CARRERO, an individual,
MARY E. MACCUBBIN, an individual
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.

LVNV FUNDING, LLC,
a foreign limited liability company,
JORGE L. PALMA, individually,
and JOHN DOES 1-50,

      Defendants.

_____/

**FIRST AMENDED COMPLAINT - CLASS ACTION**

**FIRST AMENDED CLASS ACTION COMPLAINT SEEKING INJUNCTIVE, DECLARATORY AND EQUITABLE RELIEF AS WELL AS ACTUAL AND STATUTORY DAMAGES AND DISGORGEMENT OF FUNDS**
**JURY DEMAND**

1.      On behalf of the putative classes, Plaintiffs, LESLIE CARRERO and

MARY E. MACCUBBIN, allege violations of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection

Practices Act, Fla. Stat. 559.55 *et seq.* ("FCCPA"), and common law equitable

restitution. Simply put, Defendant, LVNV FUNDING, LLC, has filed thousands of

consumer debt collection lawsuits against Florida consumers without first

obtaining a license to collect consumer debts in the State of Florida as mandated by

§ 559.553 of the Florida Consumer Collection Practices Act ("FCCPA"). Defendants JORGE L. PALMA and JOHN DOES 1-50 have unlawfully assisted and unjustly profited from LVNV FUNDING, LLC's illegal debt collection activities.

2.      On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

3.      Plaintiffs maintain that Defendants' actions are quite simply unconscionable. *See* Fla. Stat. § 559.785 stating that it is a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering." As such, Plaintiffs, on behalf of the putative classes, seek actual and statutory damages under the FDCPA, as well as actual and statutory damages, injunctive and equitable relief under the FCCPA, and actual damages under common law restitution. Ultimately, Plaintiffs seek a judgment ordering Defendants to disgorge their ill-gotten monies and enter an award for the total amount of dollars collected from the putative class members over the last four

years.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiffs reside here and Defendants do business in this District. With respect to Count III, this Court also has jurisdiction over LVNV FUNDING under 28 U.S.C. § 1332(d). The total amount in controversy for Count III exceeds $5 million dollars exclusive of interest and costs.

## PARTIES

5.      Plaintiff, LESLIE CARRERO (MS. CARRERO), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

6.      Plaintiff, MARY E. MACCUBBIN (MS. MACCUBBIN), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

7.      Defendant, LVNV FUNDING LLC ("LVNV FUNDING"), is a foreign limited liability company registered in the State of Nevada and principally does business from offices headquartered at 15 South Main Street, Suite 700, Greenville, South Carolina 29601. Upon information and belief, Defendant, and all of its members and managers, are citizens of either Nevada or South Carolina.

8.      Defendant, JORGE L. PALMA, is a Florida licensed attorney and citizen of the State of Florida who conducts businesses from offices located at 701

SW 27th Ave., Suite 900, Miami, Florida 33135. JORGE L. PALMA signed the complaint at issue, which was subsequently served upon MS. CARRERO.

9.     Defendants, JOHN DOES 1-50, are those unknown debt collectors who have facilitated and profited from LVNV FUNDING's unlawful debt collection activities against Florida consumers as described further herein, and include, but are not limited to, LVNV FUNDING's debt collectors, debt collector attorneys, debt collector law firms, and debt collector officers and directors of LVNV FUNDING (or any parent or subsidiary company of LVNV FUNDING).

10.     Defendant LVNV FUNDING engaged in debt collection activities in the State of Florida without being registered as a "Consumer Collection Agency" as required by Florida law.

11.     Defendant LVNV FUNDING purchases defaulted upon consumer credit card debts and files suit upon said debts in various Florida County Courts to collect said debts.

12.     All Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

13.     That consumers responding to the lawsuits filed by LVNV FUNDING are directed to contact LVNV FUNDING or its debt collector attorneys and often do so by mail and/or telephone.

14.    At all times material to the allegations of this complaint, all Defendants were acting as debt collectors with respect to the collection of Plaintiffs' alleged debts.

15.    With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

>   *(a) Abusive practices*
>
>   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
>   *(b) Inadequacy of laws*
>
>   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

### Facts Relating to Ms. Carrero

16.    Defendants sought to collect an alleged debt from Ms. Carrero arising from Ms. Carrero's use of a "CITIBANK SEARS PREMIER MASTERCARD" brand credit card used by Ms. Carrero for personal, family or household purposes, including, but not limited to, the purchase of such things as clothes, groceries, personal gifts, and travel-related expenses.

17.     That both "SEARS" and "CITIBANK", solicit their credit-related products to Florida consumers, often through their respective brick and mortar stores, which are located throughout the State of Florida.

18.     On or about June 27, 2011, both Defendants filed a lawsuit against Ms. Carrero in Broward County Court in an attempt to collect the "CITIBANK SEARS PREMIER MASTERCARD" brand credit card used by Ms. Carrero described above; the alleged debt at issue, according to the state court lawsuit, was less than $15,000.00 exclusive of interest, costs, and attorney's fees.

19.     In that lawsuit, Defendant LVNV FUNDING was the plaintiff and Defendant JORGE L. PALMA was LVNV FUNDING's attorney that filed the lawsuit.

20.     LVNV FUNDING sued and JORGE L. PALMA filed a lawsuit against Ms. Carrero in an attempt to collect a debt allegedly owed to LVNV FUNDING even though LVNV FUNDING could not take such action because it was not licensed by the State of Florida as a consumer collection agency.

21. JORGE L. PALMA, and Defendants JOHN DOES 1-50 knew or should have known that LVNV FUNDING was not licensed as a Consumer Collection Agency.

22.     By filing the lawsuit against Ms. Carrero, Defendant JORGE L. PALMA took action that he was not permitted to take – i.e., pursue a lawsuit against Ms. Carrero – because his client, Defendant LVNV FUNDING, could not take that action.

23.     As a direct result of LVNV FUNDING and JORGE L. PALMA filing the lawsuit against Ms. Carrero, she was forced to retain an attorney and pay that attorney to assist her in defending herself against the illegal lawsuit. As a direct result of LVNV FUNDING and JORGE L. PALMA filing the lawsuit against Ms. Carrero, she incurred an out-of-pocket expense.

### Facts Relating to Ms. MacCubbin

24.     Defendant LVNV FUNDING, LLC sought to collect an alleged debt from Ms. MacCubbin arising from Ms. MacCubbin's use of a SAM'S CLUB DISCOVER brand credit card issued by GE MONEY BANK for personal, family, or household purposes, including but not limited to, the purchase of things such as clothes, groceries, personal gifts, and travel-related expenses.

25.     On or about March 10, 2008, LVNV FUNDING attempted to collect the above referenced debt by having Central Credit Services, Inc. mail a collection demand to Ms. MacCubbin.

26.     On or about April 7, 2008, Ms. MacCubbin made a payment to LVNV FUNDING using online bill pay from her checking account maintained at Washington Mutual Bank.

## LVNV Funding, LLC Was Not Licensed

27.     Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

28.     The FCCPA defines "consumer collection agency" as "any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." Fla. Stat. 559.55(7). LVNV FUNDING does not fall within one of the exemption categories contained within Fla. Stat. 559.553(4).

29.     LVNV FUNDING is a "consumer collection agency" as defined by the FCCPA because it is a debt collector or business entity that solicits consumer debts for collection and collects consumer debts through the mail and through litigation by using the Florida court system.

8

30.    As such, pursuant to Fla. Stat. 559.553(1) and 559.55(7), LVNV FUNDING was required to be licensed as a consumer collection agency by the State of Florida.

31.    Based upon an online license search conducted on February 27, 2012 at the website maintained by the Florida Office of Financial Regulation, Defendant LVNV FUNDING was not licensed to collect consumer debts in the State of Florida until December 8, 2011. See Exhibit "A" attached hereto.

32.    Plaintiffs maintain that the filing of a lawsuit, as well as Defendant LVNV FUNDING's previous and subsequent collection activities, were unlawful; Plaintiffs have filed the instant lawsuit alleging that any and all of LVNV FUNDING's debt collection activities taken against them over the past several years were in direct violation of the FDCPA and FCCPA.

33.    Defendants LVNV FUNDING, JORGE L. PALMA, and Defendants JOHN DOES 1-50 knew or should have known that LVNV FUNDING was not licensed as a Consumer Collection Agency.

34.    Upon information and belief, Plaintiffs contend that LVNV FUNDING has filed hundreds, if not thousands, of similar suits across the State of Florida without first obtaining the aforementioned license.

35.     The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

36.     The state court action filed by LVNV FUNDING against MS. CARRERO was void *ab initio* as Florida Courts do not lend their aid to the enforcement of an action that is in fact barred by a Florida regulatory measure. *See e.g., Vista Designs, Inc. v. Silverman,* 774 So.2d 884 (Fla. 4th DCA 2001) (ordering unlicensed attorney to disgorge funds); *Wechsler v. Novak,* 26 So. 2d 884 (1946) (the general right to contract is subject to the limitation that that agreement must not violate federal or state constitutions or state statutes or ordinances of a city or town or some rule of the common law). However, Plaintiffs do not seek to have this Court declare void state court judgments.

37.     Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605, 176 L. Ed. 2d 519 (2010).

10

### Jorge L. Palma Attempted to Collect Debts on Behalf of an Unlicensed Consumer Collection Agency, *i.e.*, LVNV Funding

38.      Each time that Jorge L. Palma attempted to collect a debt allegedly owed to LVNV FUNDING, while LVNV FUNDING was not licensed, was an illegal attempt to collect.

39.      Each time that Jorge L. Palma attempted to collect a debt allegedly owed to LVNV FUNDING, while LVNV FUNDING was not licensed, Palma made a false, deceptive, and misleading statement to consumers by stating or implying that the debt was properly owed to LVNV FUNDING and that Palma was permitted to attempt to collect, and in fact collect, money on behalf of LVNV FUNDING.

40.      Each time that Jorge L. Palma attempted to collect a debt allegedly owed to LVNV FUNDING, while LVNV FUNDING was not licensed, Palma misrepresented the character and legal status of the debt by misrepresenting that the debt was properly owed to LVNV FUNDING and that Palma was permitted to attempt to collect, and in fact collect, money on behalf of LVNV FUNDING.

41.      Each time that Jorge L. Palma attempted to collect a debt allegedly owed to LVNV FUNDING, while LVNV FUNDING was not licensed, Palma threatened an action not permitted by law by stating or implying that the debt was

11

properly owed to LVNV FUNDING and that Palma was permitted to attempt to collect, and in fact collect, money on behalf of LVNV FUNDING.

42.     In addition to the threat to collect, Palma actually did attempt to collect, and did collect, debts from the FDCPA Collection Attempt Class members. Although the text of § 1692e(5) is limited to a "threat to take any action that cannot legally be taken" the majority of courts have held that this section also encompasses where the collector actually takes the illegal action. See *Poirer v. Alco Collections, Inc.*, 107 F.3d 347, 350-51 (5th Cir. 1997); *Bradshaw v. Hilco Receivables, LLC*, No. 10-CV-113, 2011 U.S. Dist. LEXIS 17954 at *23-29 (D. Md. Feb. 23, 2011); *Harrington v. CACV of Colorado, LLC*, 508 F.Supp.2d 128, 136-37 (D. Mass. 2007); *Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783, 803 (S.D. Ohio 2006); *Sprinkle v. SB&C Ltd.*, 472 F.Supp.2d 1235, 1246-47 (W.D. Wash. 2006); *Marchant v. U.S. Collections West, Inc.*, 12 F.Supp.2d 1001, 1006 (D. Ariz. 1998).

## <u>CLASS ACTION ALLEGATIONS</u>

43.     This action is brought on behalf of a the following three classes:

a.      The FDCPA Collection Attempt Class consists of (i) all Florida citizens (ii) who paid any amount to LVNV FUNDING, JORGE L. PALMA, or who incurred any out-of-pocket expense (iii) as the result of collection activity by LVNV FUNDING, or by JORGE L. PALMA

12

on behalf of LVNV FUNDING, (iv) in an attempt to collect a debt incurred for personal, family, or household purposes (v) between November 14, 2010, and December 4, 2011.

b.      The FCCPA Collection Attempt Class consists of (i) all Florida citizens (ii) who paid any amount to LVNV FUNDING or who incurred any out-of-pocket expense (iii) as a result of collection activity by or on behalf of LVNV FUNDING (iv) in an attempt to collect a debt incurred for personal, family, or household purposes (v) between November 14, 2009, and December 4, 2011.

c.      The Restitution Class consists of (i) all Florida citizens (ii) from whom LVNV FUNDING (iii) collected any amount of money (through direct payment to LVNV FUNDING, garnishment, or otherwise, including payments made directly to LVNV FUNDING or to another entity which resulted in LVNV FUNDING receiving a portion or all of the payment) (iv) regarding a debt incurred for personal, family, or household purposes owed to LVNV FUNDING (v) between November 14, 2007, and December 4, 2011.

44.     Plaintiffs allege on information and belief based upon LVNV FUNDING's hundreds of filings of virtually identical lawsuits over the last year that each class is so numerous that joinder of all members of each class is impractical.

45.     There are questions of law or fact common to the classes, which common issues predominate over any issues involving only individual class members.

46.     The common factual issue common to the FCCPA Collection Attempt Class is whether members were subject to collection activity by LVNV FUNDING during the time period that it was not licensed. The principal legal issues for the FCCPA Collection Attempt Class are whether LVNV engaged in debt collection without the requisite license in violation of the FCCPA.

47.     The common factual issue common to the FDCPA Collection Attempt Class is whether members were subject to collection activity by LVNV FUNDING during the time period that it was not licensed, or by JORGE L. PALMA on behalf of LVNV FUNDING during the time period that it was not licensed. The principal legal issues for the FDCPA Collection Attempt Class are whether LVNV FUNDING engaged in debt collection without the requisite license, in violation of the FDCPA, or whether JORGE L. PALMA engaged in debt collection on behalf of LVNV FUNDING while LVNV FUNDING was not licensed.

14

48.     The common factual issue common to the Restitution Class is whether LVNV FUNDING received a monetary benefit from members. The principal legal issues for the Restitution Class are whether LVNV FUNDING engaged in debt collection without the requisite license and received a monetary benefit and whether it would be inequitable for LVNV FUNDING to retain the benefit without paying fair value for it, in violation of common law.

49.     Plaintiffs' claims are typical of those of the class members. All are based on the same facts and legal theories.

50.     Plaintiffs will fairly and adequately protect the interests of the classes. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

51.     Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (1)     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (2)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

52.     Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds

generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiffs request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

**COUNT I (AGAINST LVNV FUNDING)**
**FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS**
**MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION**
**OF § 1692e et seq. OF THE FDCPA, AND COLLECTION ATTEMPTS**
**MADE BY LVNV FUNDING AND JORGE L. PALMA (ON BEHALF OF**
**LVNV) WHILE LVNV FUNDING WAS NOT LICENSED**

53.   On behalf of the FDCPA Collection Attempt Class, Plaintiffs incorporate the preceding Factual Allegations.

54. Under Count I, LVNV FUNDING is liable to Plaintiffs and the FDCPA Collection Attempt Class for its attempt to collect debts while unlicensed. Defendant LVNV FUNDING's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e and e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

55.   Defendant LVNV FUNDING's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C §

16

1692e(2)(A) because attempting to collect a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the debt.

56.   Defendant LVNV FUNDING's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e(5) because attempting to collect a debt while not licensed as required by Florida law and claiming that it may collect money from a consumer is a threat to take action that cannot legally be taken.

57. WHEREFORE, Plaintiffs, on behalf of the FDCPA Collection Attempt class, request that the Court enter judgment in favor of Plaintiffs and the FDCPA Collection Attempt class and against LVNV FUNDING for:

a.      Statutory damages;

b.      Actual damages;

c.      Attorney's fees, litigation expenses and costs of the instant suit; and

d.      Such other or further relief as the Court deems proper.

## COUNT II (AGAINST JORGE L. PALMA)
## COLLECTION ATTEMPTS MADE BY JORGE L. PALMA (ON BEHALF OF LVNV) WHILE LVNV FUNDING WAS NOT LICENSED AS MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION OF § 1692e et seq. OF THE FDCPA

58.     On behalf of the FDCPA Collection Attempt Class, Plaintiff Carrero incorporates the preceding Factual Allegations.

59.     Under Count II, JORGE L. PALMA is liable to Plaintiff Carrero and the FDCPA Collection Attempt Class for its attempt to collect debts on behalf of an unlicensed entity, *i.e.*, LVNV.

60.     Defendant JORGE L. PALMA's attempt to collect debts on behalf of LVNV FUNDING while it was not licensed violated 15 U.S.C § 1692e and e(10) because attempting to collect a debt on behalf of a consumer collection agency that is not licensed as required by Florida law is a false, deceptive, and misleading practice.

61.     Defendant JORGE L. PALMA's attempt to collect debts on behalf of LVNV FUNDING while it was not licensed violated 15 U.S.C § 1692e(2)(A) because attempting to collect a debt on behalf of a consumer collection agency that is not licensed as required by Florida law constitutes a false representation of the character and legal status of the debt.

62.     Defendant JORGE L. PALMA's attempt to collect debts on behalf of LVNV FUNDING while it was not licensed violated 15 U.S.C § 1692e(5) because

18

attempting to collect a debt on behalf of a consumer collection agency that is not licensed as required by Florida law and claiming that he may collect money for LVNV FUNDING from a consumer is a threat to take action that cannot legally be taken. In addition to the threat to collect, Palma actually did attempt to collect, and did collect, debts from the FDCPA Collection Attempt Class members. Although the text of § 1692e(5) is limited to a "threat to take any action that cannot legally be taken" the majority of courts have held that this section also encompasses where the collector actually takes the illegal action. See *Poirer v. Alco Collections, Inc.*, 107 F.3d 347, 350-51 (5th Cir. 1997); *Bradshaw v. Hilco Receivables, LLC*, No. 10-CV-113, 2011 U.S. Dist. LEXIS 17954 at *23-29 (D. Md. Feb. 23, 2011); *Harrington v. CACV of Colorado, LLC*, 508 F.Supp.2d 128, 136-37 (D. Mass. 2007); *Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783, 803 (S.D. Ohio 2006); *Sprinkle v. SB&C Ltd.*, 472 F.Supp.2d 1235, 1246-47 (W.D. Wash. 2006); *Marchant v. U.S. Collections West, Inc.*, 12 F.Supp.2d 1001, 1006 (D. Ariz. 1998).

63.     WHEREFORE, Plaintiff Carrero, on behalf of the FDCPA Collection Attempt class, requests that the Court enter judgment in favor of Plaintiff Carrero and the FDCPA Collection Attempt class and against JORGE L. PALMA for:

a.     Statutory damages;

b.     Actual damages;

c.     Attorney's fees, litigation expenses and costs of the instant suit; and

19

d.      Such other or further relief as the Court deems proper.

## COUNT III (AGAINST LVNV FUNDING)
## DAMAGES, DECLARATORY RELIEF AND PERMANENT INJUNCTION
## UNDER THE FCCPA

64.     On behalf of the FCCPA Collection Attempt class, Plaintiffs incorporates the preceding Factual Allegations.

65.     Pursuant to the FCCPA, Plaintiffs, on behalf of the FCCPA Collection Attempt Class, seeks a declaration that LVNV FUNDING'S practices are in violation of the FCCPA; specifically, Plaintiffs allege that Defendants have violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening "to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

66.     Plaintiffs seek a permanent injunction prohibiting LVNV FUNDING from communicating directly with Plaintiffs and the putative class members regarding their alleged debts.

67.     The FCCPA provides for equitable relief, including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345 (S.D. Fla. 2008).

68.     Plaintiffs seek both injunctive relief and equitable relief in accordance with her rights under state law on behalf of the FCCPA Collection Attempt Class.

20

69.     Plaintiffs further seek statutory and actual damages under the FCCPA on behalf of the FCCPA Collection Attempt Class.

70.     WHEREFORE, Plaintiffs, on behalf of the FCCPA Collection Attempt Class, request that the Court enter judgment in favor of Plaintiffs and the FCCPA Collection Attempt Class and against LVNV FUNDING for:

a.      A Declaration that all Defendants have violated the FCCPA and that the subject debts sought by LVNV FUNDING are legally unenforceable and void as a matter of law;

b.      Permanently enjoining LVNV FUNDING and any other parties from attempting to collect and collecting the subject debts;

c.      Statutory damages;

d.      Actual damages;

e.      Attorney's fees, litigation expenses and costs of suit; and

e.      Such other or further relief as the Court deems proper.

## COUNT IV (AGAINST LVNV FUNDING) RESTITUTION

71.     On behalf of the Restitution Attempt class, Plaintiff MacCubbin incorporates the preceding Factual Allegations.

72.    Plaintiff MacCubbin paid money to LVNV FUNDING for a debt it purchased and attempted to collect while unlicensed. By doing so, MacCubbin conferred a benefit on LVNV FUNDING.

73.    The members of the Restitution Class each conferred a benefit on LVNV FUNDING, *i.e.*, they each made a payment to LVNV towards a debt allegedly owned by LVNV FUNDING.

74.    LVNV FUNDING has knowledge of the benefit (i.e. the money paid by each respective consumer towards the alleged LVNV FUNDING debt).

75.    LVNV FUNDING has accepted or retained the benefits conferred (i.e. the above-referenced payments).

76.    The circumstances are such that it would be inequitable for LVNV FUNDING to retain the benefit without paying fair value for it.

77.    WHEREFORE, Plaintiff MacCubbin, on behalf of the Restitution Class, request that the Court enter judgment in favor of Plaintiff MacCubbin and the Restitution Class and against LVNV FUNDING for:

    a.    Actual damages; for the total dollars unlawfully collected by LVNV FUNDING from the members of the Restitution Class over the last four years (plus interest);

    b.    An order instructing LVNV FUNDING to disgorge their illgotten monies from the Restitution Class members;

22

c.      Litigation expenses and costs of the instant suit; and

d.      Such other or further relief as the Court deems proper.

## <u>JURY DEMAND</u>

Plaintiffs demand trial by jury.

Dated this 7th day of August, 2012.

Respectfully submitted,

SCOTT D. OWENS, ESQ.
Law Office of Scott D. Owens, Esq.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Phone: 954-589-0588
Fax: 954-337-0666
Email: Scott@ScottDOwens.com

By: */s/ Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651

Keith J. Keogh
Craig M. Shapiro
KEOGH LAW, LTD
101 N Wacker Drive, Suite 605
Chicago, IL 60606
Phone: 312.726.1092
Fax: 312.726.1093
Email: Keith@KeoghLaw.com
Email: CShapiro@KeoghLaw.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 7th day of August, 2012, I electronically

filed the foregoing document with the Clerk of the Court using CM/ECF.

> SCOTT D. OWENS, ESQ.
> 664 E. Hallandale Beach Blvd.
> Hallandale, FL 33009
> Telephone: 954-589-0588
> Facsimile: 954-337-0666
> scott@scottdowens.com
>
> By: */s/ Scott D. Owens*
> Scott D. Owens, Esq.
> Florida Bar No. 0597651