UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LESLIE CARRERO, an individual on behalf of herself and all others similarly situated and MARY E. MACCUBBIN, an individual on behalf of themselves and all others similarly situated,

        Plaintiff,

vs.

LVNV FUNDING, LLC, a foreign limited liability company, JORGE L. PALMA and JOHN DOES 1-50,

        Defendants.           /

Case No.: 11-CV-62439-KMW

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1. **Parties.** Plaintiff Leslie Carrero ("Plaintiff"), individually and as representative of the class of persons defined below in ¶2 ("Class"), and Defendant, LVNV FUNDING, LLC ("Defendant"), enter into this Settlement Agreement ("Agreement").

2. **Defined Class.** The Class is defined as follows:

The Class consists of the 2,291 Florida citizens who were sued by LVNV Funding, LLC in Florida State Court between November 14, 2010 and December 4, 2011 in an attempt to collect a debt.

3. **Nature of Litigation.** In this lawsuit, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), in connection with filing lawsuits in an attempt to collect a debt against Plaintiff and the class members.

4. **Denial of Liability.** Defendant denies violating the FDCPA and further denies any liability to Plaintiff and the Class for the claims alleged. Defendant desires to settle the claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest

all claims, known or unknown, that have been or might have been asserted by Plaintiff or the Class against Defendant, concerning the matters alleged.

5. Plaintiff, individually and on behalf of the Class, desire to settle their claims against Defendant, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

6. Plaintiff's counsel has investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the class to enter into this Agreement.

7. In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, and Defendant agree to settle the claims of Plaintiff and the Class, subject to the Court's approval, on the following terms and conditions.

## TERMS

8. Effective Date. This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all the following: (1) the Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the class; finding that this Agreement is fair and made in good faith; and dismissing the claims of Plaintiff and the class members against Defendant without prejudice; and (2) (a) if no objection is received, the expiration of five (5) days from the time that the final approval order becomes a final, non-appealable order, or (b) if an objection is received, the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and

15105754v1 0937488

provisions of this Agreement, and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9. Relief to Plaintiff and the Class. Defendant shall provide the following relief to Plaintiff and the Class.

   a. Defendants shall pay $100,000.00 as a Class Settlement Fund to be shared on a pro rata basis by each class member who does not timely opt out, object or exclude him- or herself from the class settlement, with any unclaimed remainder to go to a cy pres as defined by paragraph 12;

   b. Defendant shall pay Plaintiff Leslie Carrero $1,000.00 for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

   c. Defendant agrees not to assign or transfer Leslie Carrero's account and further agrees to dismiss the state court lawsuit against Plaintiff Carrero;

   d. Defendant shall pay $90,000 in attorney fees and costs; and

   e. Defendant will pay costs of class administration. Plaintiff's counsel shall be responsible for directing the class administrator. However, Plaintiff's counsel will not request or obtain the class list from the class administrator except that Plaintiff's counsel will be able to request contact information for specific class members who have contacted Plaintiff's counsel. But, Plaintiff's counsel may request contact information for such class members only to discuss matters related to this litigation including but not limited to this settlement agreement.

10. Class members shall have 60 days after mailing of the notice of the proposed settlement to opt out or object to the proposed settlement. A copy of the notice is attached hereto as *Exhibit 1*.

11. After the Effective Date, Defendant shall provide the Class Administrator with a wire or check in an amount that includes the amounts contemplated by Paragraphs 9(a), (b), and (c) above, totaling $101,000.00. The Class Administrator shall distribute $1,000.00 to Plaintiff Carrero, and $100,000.00 for pro rata distribution as a settlement check to each class member who has not timely opted out, objected or excluded him- or herself from the class settlement or whose notice was not returned as undeliverable. Settlement checks shall be void 90 days from the date of issuance. Defendant shall also provide the class administrator with a wire or check in the amount of $90,000 for attorney's fees and costs within 21 days of this Court's final approval of the settlement, including but not limited approving counsel's attorney's fees and costs.

12. Within 30 days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid by the Class Administrator to Legal Aid Services of Broward County as a cy pres award.

13. Release. Upon the Effective Date, Plaintiff and the class members release and discharge Defendant and its predecessors and successors in interest and present and former subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys or assigns (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Plaintiff and/or the class members now has or ever had against the Released Parties under any legal theory, that were brought or that could have been brought in this lawsuit and which relate to or arise out of the collection on the account that

LVNV or its attorneys sought to collect, but does not release claims relating to any additional accounts. This release is conditioned upon the final approval of this Agreement by the Court and the parties meeting their respective obligations stated herein.

14. Defendant does not release their claims against any members of the Class for the payment of an alleged debt. The underlying alleged debts Defendant sought to collect from members of the Class are not affected by this Agreement. This agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Class members or prevent Class members from asserting any defenses they have to any debts that Defendant may now or in the future try to collect.

15. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

16. Attorney's Fees, Notice Costs and Related Matters. Defendant shall pay the costs of notice and settlement administration, as described above in Paragraph 9(e). Plaintiff's counsel will direct the third-party class administrator regarding class notice with billing for said services to be directed to Defendant's counsel of record in this lawsuit. Subject to Court approval, Defendant agrees to and shall pay Plaintiff's costs and reasonable attorney fees, as described above in Paragraph 9(d).

17. Notice. Provided that Defendant has paid the Class Administrator any required payment or postage, within forty-five (45) days after entry of the Preliminary Approval Order, Plaintiff's counsel shall cause First Class, Inc., a third party administrator, to send actual notice to the last known addresses of the Class members according to Defendants' records, as updated

15105754v1 0937488

by a National Change of Address search performed by First Class, Inc. The class list will not be directly produced to Plaintiff's counsel and the parties agree they may seek a protective order to facilitate production of the class list to the class administrator. Plaintiff's counsel may direct the third-party class administrator to distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Plaintiff's counsel shall direct First Class, Inc. to cause to be forwarded any such returned notice to the address provided to Defendants within five (5) days of receipt. Class members shall have forty-five (45) days from the date of the Notice of the Class Settlement is initially mailed to opt out or request exclusion.

18. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the parties shall make application to the Court for the Preliminary Approval Order which:

    a.    Preliminarily approves this Agreement;

    b.    Schedules a hearing for final approval of this Agreement;

    c.    Approves the form of notice to the Class, to be directed to the last known address of the Class members as shown on Defendants' records as updated by a National Change of Address search performed by First Class, Inc.;

    d.    Finds that mailing of the Class notice and the other measures specified in ¶17 is the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P. 23.

19. A copy of the draft Preliminary Approval Order is attached hereto as *Exhibit 2*. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

15105754v1 0937488

20. Final approval. At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of 90 days from the preliminary approval of the settlement, Plaintiff, Plaintiff's counsel, and Defendant shall request that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the stipulated class meets the requirements of Rule 23, the notice given to the Class satisfies the requirements of due process and Rule 23, dismissing the claims of Plaintiff and the Class without prejudice and without costs (other than provided for in paragraphs 9 & 16 above), directing the entry of a final order and retaining jurisdiction to enforce the provisions of this Agreement. Once compliance with the final approval order is complete, the parties agree to file a stipulation converting the dismissal without prejudice to a dismissal with prejudice.

21. The parties agree to request the entry of a final order attached hereto as *Exhibit 3*. The fact that the Court may require non-substantive changes in the final order does not invalidate this Settlement Agreement.

22. Uncashed Checks. On or about 14 days after the void date of the class settlement checks, Plaintiff's counsel shall obtain from Class Administrator the total number of uncashed checks and resulting amount of monies undistributed. The amounts from uncashed checks shall be distributed by Plaintiff's Counsel as described in Paragraph 12 above.

23. Release of Attorney's Lien. In consideration of this settlement agreement, Class Counsel hereby waives, discharges and forever releases Defendant and its attorneys, Hinshaw & Culbertson LLP, from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with the lawsuit; provided, however, that this

release is conditioned upon Final Approval of this settlement agreement by the Court and full performance by Defendant of its obligations under this settlement agreement.

24. Miscellaneous Provisions. The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

25. Notices and objections related to this Agreement shall be filed with the court and notice sent to the Class Administrator – First Class, Inc.

26. The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

27. This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

28. Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Class, and any of their successors, personal representatives and assigns, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

15105754v1 0937488

Case No.: 11-CV-62439-KMW

29. This Agreement shall be governed by and interpreted in accordance with the laws of Florida.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____, 2015.

For Plaintiff and the Class

_____
LESLIE CARRERO

For LVNV FUNDING, LLC

By: _____

Printed Name: _____

Title: _____

15105754v1 0937488